# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSEPH W. STAPLES | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-08-CV-831-XR |
| | § | |
| CAREMARK, L.L.C. d/b/a CVS | § | |
| CAREMARK f/k/a CAREMARK RX, INC. | § | |
| | § | |
| *Defendant*. | | |

## ORDER

On this date, the Court considered Plaintiff's motion to extend the deadline for discovery (Docket Entry No. 17) and Defendant's response in opposition (Docket Entry No. 18). Plaintiff's counsel provides no basis for a good cause finding to extend the time for discovery nor does his conduct evince "excusable neglect" to warrant an extension. Consequently, Plaintiff's motion to extend the deadline for discovery is DENIED.

## Background

Plaintiff filed this lawsuit on September 5, 2008, in the 407th District Court of Bexar County, Texas, claiming six causes of action based on alleged discriminatory conduct by Defendant against Plaintiff. Defendant removed this case to federal court in October 2008 and on December 11, 2008, this Court issued a Scheduling Order that established July 30, 2009—nearly eight months later—as the last day for the parties to conduct discovery. On August 20, 2009, Plaintiff's counsel filed a motion for leave to extend the discovery deadline to January 30, 2009. It is this motion that is now before the Court.

## Analysis

Plaintiff asks this Court to extend the deadline for discovery, stating that "the nature and

complexity of the case" with "six (6) separate causes of action" and complying with Defendant's discovery requests warrant the extension. (Docket Entry No. 17 at 3.) Defendant opposes this motion, claiming that Plaintiff's counsel has failed to identify a "legitimate reason for his failure to conduct discovery by the deadline." (Docket Entry No. 18 at 3.) Federal Rule of Civil Procedure 6 states that this Court "may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Relevant factors used to determine "excusable neglect" include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006).

Counsel's actions fail to demonstrate excusable neglect as each factor weighs against Plaintiff.[1] Under the first factor, granting Plaintiff's request would prejudice Defendant. Plaintiff provides only a conclusory statement that Defendant would not be harmed by granting the motion. (Docket Entry No. 17 at 4.) On the other hand, Defendant correctly points out that it has already filed its motion for summary judgment in compliance with this Court's scheduling

---

[1]Likewise, Plaintiff fails to provide facts similar to cases in which courts have found "excusable neglect." *See, e.g., Soliz v. Bennett*, 150 Fed. App'x 282, 284 (5th Cir. 2005) (upholding finding of excusable neglect where previous attorney had been fired); *Blake v. Peake,* No. H-04-1068, 2008 WL 5114655, *3 (S.D. Tex. Dec. 3, 2008) (finding excusable neglect when party neglected to reinstate a case that was administratively closed while party was completing military service); *Mattress Giant Corp. v. Motor Advertising & Design Inc.*, No. 3:07-cv-1728, 2008 WL 898772, at *2 (N.D. Tex. Mar.31, 2008) (finding excusable neglect where counsel believed he had reached an agreement on a deadline with opposing counsel). The case law demonstrates a party's limited requests for specific filings or minor delays. Here, Plaintiff requests that the Court reopen discovery for six months, which is almost as long as the initial discovery period order by the Court.

order and reopening discovery would "waste [Defendant]'s considerable time and expense spent complying with this Court's Scheduling Order and render it, in effect, meaningless." (Docket Entry No. 18 at 3.) By reopening discovery weeks after discovery was to have concluded and after the deadline for dispositive motions, Defendant would be prejudiced as it has already undertaken the time and expense to comply with this Court's order.

Extending discovery six months would burden judicial proceedings in this Court. Moreover, such an extension would render this Court's Scheduling Order meaningless as it would affect deadlines that have already passed. The Scheduling Order, entered on December 11, 2008, established a deadline of July 30, 2009, which provided ample time for the parties to prepare for trial. Dispositive motions were due to this Court on August 14, 2009. Jury selection and trial is scheduled to begin on November 2, 2009. Plaintiff is not seeking discovery for a particular document or for a brief, limited time to obtain an affidavit. Plaintiff seeks to reopen discovery for a length of time that extends beyond any date contemplated in the Scheduling Order. Clearly, extending discovery until January 30, 2010, impacts the judicial proceedings of this Court since it would force the Court to reschedule the deadlines and dates for dispositive motions, pretrial conference, and trial.

With respect to the third factor, the reason for the delay and whether it was within the reasonable control of Plaintiff, this Court finds that this factor weighs against Plaintiff. Plaintiff's counsel has been listed as the attorney of record on this case since he filed it in Texas state court in October 2008. (*See* Docket Entry No. 1, Ex. 1.) Counsel is expected to have researched the claims presented in the petition or complaint filed with a court of law. Both the Federal Rules of Civil Procedure and the comparable Texas court rules under which counsel operated when he filed this lawsuit before Defendants removed it to federal court presume that

counsel is aware of the claims presented in documents filed with the court. *See* FED. R. CIV. P. 11; TEX. R. CIV. P. 13. Counsel cannot now assert that an extension of time is warranted because of the complexity of the claims.

Finally, the circumstances and untimeliness of this motion lead this Court to question whether the request is made in good faith. The Court is unpersuaded that counsel's medical leave warrants the need for an extension of discovery. A two-week medical leave does not justify a disproportionate six-month extension of the discovery deadline. Moreover, Plaintiff's counsel cannot now cite Defendant's discovery requests as the basis for an extension of the discovery deadline. Plaintiff had plenty of time to notify this Court of his inability to conduct discovery in accordance with the established deadlines rather than filing a motion weeks after discovery has concluded and beyond the deadline for dispositive motions.

## Conclusion

Plaintiff provides no compelling reason to warrant a finding of "excusable neglect" to show good cause for this Court to extend the deadline for discovery. As a result, the motion is DENIED.

It is so ORDERED.

SIGNED this 24th day of August, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE